**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

IN RE Mortgage Electronic Registration ) MDL DOCKET NO. 09-2119-JAT
Systems (MERS) Litigation )
) **ORDER**
)

In the transfer order establishing this consolidated multidistrict litigation ("MDL"), the Judicial Panel on Multidistrict Litigation ("Panel") stated, "IT IS FURTHER ORDERED that claims unrelated to the formation and/or operation of the MERS system are simultaneously remanded to their respective transferor courts." (Doc. #1.) The parties contest which claims in each of the various cases relate to the formation and/or operation of MERS.[1] This Order addresses the following cases (transferred by Doc. ##38, 58):

| First Plaintiff's Name | Arizona Case Number | Original Jurisdiction Case Number |
| --- | --- | --- |
| *Stoffels* | CV 10-0215-PHX-JAT | 3:08-468 (Nevada) |
| *Hearne* | CV 10-0216-PHX-JAT | 3:08-500 (Nevada) |
| *Huynh* | CV 10-0217-PHX-JAT | 3:09-577 (Nevada) |
| *Mesi* | CV 10-0218-PHX-JAT | 3:09-582 (Nevada) |

---

[1] The parties have fully briefed this issue pursuant to the Court's Order on Practices and Procedures (Doc. #87). Although the parties sought "remand" of certain claims to the transferor court, under Section 1407(a), remands to a transferor court can only be effected by the Judicial Panel on Multidistrict Litigation. 28 U.S.C. § 1407; *see also* R.P.J.P.M.L. 7.6. The Court, thus, stresses that this order is solely a determination of which claims are pending before this Court and which claims remain in their respective transferor courts, pursuant to the Panel's transfer orders.

| | | |
|---|---|---|
| 1  *Youngren* | CV 10-0219-PHX-JAT | 3:09-595 (Nevada) |
| 2  *Burke* | CV 10-0220-PHX-JAT | 3:09-653 (Nevada) |
| 3  *Dalby* | CV 10-0221-PHX-JAT | 3:09-659 (Nevada) |
| 4  *Lee* | CV 10-0268-PHX-JAT | 3:09-590 (Nevada) |

**I. General Interpretation of the Transfer Order**

In the initial transfer order, the Panel transferred to this Court all allegations within these actions that "the various participants in MERS formed a conspiracy to commit fraud and/or that security instruments are unenforceable of foreclosures are inappropriate due to MERS's presence as a party" or that otherwise concern "the formation and operation" of MERS. (Doc. #1.) However, the Panel simultaneously remanded unrelated claims to their transferor courts, finding that "plaintiffs' claims relating to loan origination and collection practices do not share sufficient questions of fact with claims regarding the formation and operation" of MERS and their inclusion "would needlessly entangle the litigation in unrelated, fact-intensive issues." *Id.*

Accordingly, this Court will not retain claims that, although naming MERS as a defendant, allege conduct primarily related to loan origination and collection practices, or otherwise stray from the common factual core of the MDL. Only causes of action that in essence turn on the formation or operation of MERS, no matter how framed, have been transferred to undersigned.

Defendants Mortgage Electronic Registration Systems, Inc. and MERSCORP, Inc. (collectively, "Moving Defendants") filed a Motion to Remand Claims. (Doc. #135.) Two defendants, Citimortgage, Inc. and Litton Loan Servicing LP, each filed responses that expressed complete agreement with the manner in which Moving Defendants suggested the claims be disposed. (Doc. ##184, 197.) Several other defendants[2] ("Responding

---

[2] Countrywide Home Loans, Inc., BAC Home Loans Servicing LP f/k/a Countrywide Home Loans Servicing LP, ReconTrust Company, N.A., and Bank of America, N.A.

- 2 -

Defendants") have responded with some different suggested classification of claims. (Doc. #198.) Plaintiffs did not respond. MERS replied. (Doc. #240.)

**II. Claims on Which the Parties Do Not Agree**

Within these eight "tag-along" actions there are three types of claims over which the parties disagree: unfair lending practices, fraud in the inducement, and unjust enrichment. Within these three categories some claims are contested while others with identical language are uncontested. To maintain consistency, the Court will dispose of like claims alike even where no party has urged that disposition in a particular case. The Court will dispose of Plaintiffs' requests for injunctive relief and declaratory relief differently than the parties had agreed. Otherwise, as to types of claims for which the appropriate disposition is undisputed, the Court adopts the parties' determinations and will not engage in detailed discussion.

**A. Unfair Lending Practices**

Plaintiffs assert claims for unfair lending practices in *Mesi* (Third Claim), *Huynh* (First Claim), *Lee* (First Claim), and *Youngren* (First Claim). In each of these claims, Plaintiffs allege that the loans made "were based upon stated income with no verification of the Plaintiffs' ability to repay."[3]

Responding Defendants argue that the unfair lending practices claim in *Mesi* has been remanded because it neither specifically mentions MERS nor explicitly relates to the formation or operation of MERS. (Doc. #198 at 2.) Acknowledging this, Moving Defendants theorize that Plaintiffs incorporated by reference allegations earlier in the complaint that MERS was used "to engage in predatory and unfair lending practices." (CV 10-218-PHX-JAT, Doc. #1, ¶ 21.) Thus, Moving Defendants contend, the claim should be retained.

The Court disagrees. The inquiry into how rigorously Defendants verified the income of potential borrowers before issuing a loan is one which would entangle this Court in the

---

[3] CV 10-0218-PXH-JAT (*Mesi*), Doc. #1-2 at 32; CV 10-0217-PXH-JAT (*Huynh*), Doc. #1 at 15; CV 10-0268-PXH-JAT (*Lee*), Doc. #1-1, ¶ 42; CV 10-0219-PXH-JAT (*Youngren*), Doc. #1 at 48.

fact-intensive weeds unrelated to the common factual core of the MDL. Therefore, the unfair practices claim in *Mesi* (Third Claim) has been remanded to the transferor court. Consistent with this reasoning, the identical claims in *Huynh* (First Claim), *Lee* (First Claim), and *Youngren* (First Claim) have also been remanded.

**B. Fraud in the Inducement**

Plaintiffs assert identical claims for fraud in the inducement in *Hearne* (Second Claim), *Burke* (Second Claim), and *Dalby* (Second Claim). There are also similar claims for fraud in the inducement in *Huynh* (Twelfth Claim), *Mesi* (Thirteenth Claim), *Lee* (Fourteenth Claim), *Youngren* (Twelfth Claim) and *Stoffels* (Fifth Claim).

Responding Defendants argue that the fraud in the inducement claims in *Hearne* and *Dalby* should be split with a portion retained and a portion remanded. (Doc. #198 at 3.) The claims allege that Defendants failed to disclose material terms of the loans, concealed the risks of the transactions, and misrepresented the ability of Plaintiffs to qualify for their loans.[4] Such allegations relate to loan origination without any common core of fact to the operation of MERS. On the other hand, the claims also allege that Defendants failed to disclose that they "had no lawful right to foreclose upon" the properties, failed to notify Plaintiffs that their obligations on the notes had been discharged, and knew that Defendants were not holders in due course of the notes.[5] These allegations are based on alleged deficiencies in the notes created by the operation of MERS. As either set of allegations would be logically sufficient to establish a liability, this Court will split these claims. Remanded are the allegations that defendants "failed to disclose the material terms of the loans and incidental services to Plaintiff at the execution of the closing papers," "concealed the true terms of the loans, and the risks of the transactions, including, but not limited to, negative amortization, prepayment penalty provisions, the risk of default and the risk of foreclosure from Plaintiff,"

---

[4] *See*, *e.g.*, CV 10-0221-PHX-JAT (*Dalby*), Doc. #1 at 68-69.

[5] *Id.*

- 4 -

1  and "misrepresented the ability of Plaintiff to qualify for the loans."[6] All other allegations of these claims have been transferred to the undersigned.

No responding brief addressed the similar claims in *Huynh* (Twelfth Claim), *Mesi* (Thirteenth Claim), *Lee* (Fourteenth Claim), or *Youngren* (Twelfth Claim), but the Court finds that the same reasoning applies. Therefore, the Court will split these claims as well.[7] All parties agree that the unique fraud in the inducement claim in *Stoffels* has been remanded and the Court concurs.

**C. Unjust Enrichment**

Plaintiffs assert practically identical claims for unjust enrichment in *Hearne* (Fifth Claim), *Burke* (Fifth Claim), and *Dalby* (Fifth Claim). Responding Defendants argue that the unjust enrichment claims in *Hearne* and *Dalby* should be split with a portion retained and a portion remanded. (Doc. #198 at 3-4.) Moving Defendants, in their reply, concede that this outcome would be consistent with this Court's March 22nd Order. (Doc. #240 at 9.)

In *Hearne* and *Dalby* there are two distinguishable bases for a claim of unjust enrichment. In each claim two paragraphs contain allegations relating to the origination of the loans,[8] but the remainder of the allegations relate to the operation of MERS. Because

---

[6] CV 10-216-PHX-JAT (*Hearne*), Doc. #120 at 21, ¶¶ 77, 79-80; CV 10-221-PHX-JAT (*Dalby*), Doc. #1 at 68-69, ¶¶ 68, 70-71.

[7] CV 10-0219-PXH-JAT (*Youngren*), Doc. #1 at 69-70, ¶¶ 107-09; CV 10-0220-PHX-JAT (*Burke*), Doc. #1-1 at 22-23, ¶¶ 56, 58-59; CV 10-0218-PXH-JAT (*Mesi*), Doc. #1-2 at 31-32, ¶¶ 113-15; CV 10-0268-PXH-JAT (*Lee*), Doc. # 1-1 at 52-53, ¶¶ 112-14; CV 10-0217-PXH-JAT (*Huynh*), Doc. #1 at 65-66, ¶¶ 106-08.

[8] CV 10-216-PHX-JAT (*Hearne*), Doc. #120 at 39-40, ¶¶ 129, 131 ("Specifically, Plaintiffs have been injured in their property and lost their cash and personal investments and right to peaceful enjoyment of their primary residences in a variety of ways, including but not limited to: All borrowers who were targeted for and lured into the mortgages sold by Defendants were kept from knowing the true purpose of the securitization and the use of the funds of the investors. This constituted a misrepresentation that caused Plaintiffs to make their monthly payments from the cash that represented the equity in their home to the Defendants. Moreover, upon information and belief, the variety of additional and separate payments charged for services and other items tangential to the loan were prohibitive. The

- 5 -

either set of alleged facts would be logically sufficient to support a claim of unjust enrichment, this Court will bifurcate the unjust enrichment claims in *Hearne* and *Dalby*. In both cases, a claim for unjust enrichment on theories related to MERS will remain with the undersigned as part of the MDL and a claim for unjust enrichment based on loan origination issues has been remanded to the transferor court.

The claim for unjust enrichment in *Burke* (Fifth Claim) also contains an identical two paragraphs, so it too will be bifurcated, retained in part and remanded in part.[9]

The claims for unjust enrichment in *Huynh* (Tenth Claim), *Mesi* (Eleventh Claim), *Lee* (Twelfth Claim), *Youngren* (Tenth Claim) and *Stoffels* (Sixth Claim) do not contain any allegations unrelated to the common factual core of this MDL and are each retained in full.

**D. Injunctive Relief and Declaratory Relief**

Injunctive relief is not a cause of action but a remedy. However, it has been separately listed as a claim in *Stoffels* (Eighth Claim), *Hearne* (Sixth Claim), *Huynh* (Third Claim), *Mesi* (Second Claim), *Lee* (Third Claim), and *Youngren* (Third Claim). There is no reason to foreclose the remedy of injunctive relief either in the proceedings before this Court or in the proceedings before the transferor courts. Therefore, each of these claims for relief will be retained in part, i.e., to the extent they are based on claims related to the formation and operation of MERS, and has been remanded in part.

---

result is that Plaintiffs assumed financial burdens that they would not otherwise have assumed, and paid Defendants funds to which the Defendants were not entitled nor owed. . . .
Plaintiffs have paid an inflated interest rate that, upon information and belief, would not have been agreed to but for the failure to understand the documents and otherwise disclose the true terms and costs of the loans, tangential services, and out-of-pocket costs and that the housing market would not, as represented by the Defendants and their agents, the "lenders" continue to increase in value but would, because of the acts of the Defendants, crash and cause catastrophic loss of value in the real estate market.); CV 10-221-PHX-JAT (*Dalby*), Doc. #1 at 55-56, ¶¶ 120, 122 (same).

[9] CV 10-0220-PHX-JAT (*Burke*), Doc. #1-2 at 2-3, ¶¶ 108, 110.

The Declaratory Judgment Act "does not provide an independent cause of action." *S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exch., Inc.*, 24 F.3d 427, 431 (2d Cir. 1994). Because of that fact, the appropriateness of remand depends on the underlying causes of action for which declaratory relief is sought. Plaintiffs request declaratory relief in *Stoffels* (Ninth Claim), *Hearne* (Seventh Claim), *Mesi* (First Claim), *Lee* (Fourth Claim), *Burke* (Sixth Claim), and *Dalby* (Sixth Claim). Each of those cases contain some substantive claims that are remanded and others that are retained, these claims for declaratory relief should be bifurcated. Therefore, each of these claims for relief has been retained in part and remanded in part.

Accordingly,

**IT IS ORDERED** that with respect to *Stoffels* (CV 10-215-PHX-JAT), claims 2-4, 6, 7 and part of claims 8 and 9 remain with the undersigned as part of the MDL and claims 1, 5 and part of claims 8 and 9 have been remanded to the transferor court. MERS shall file a copy of this Order with the transferor court within the next two business days.

**IT IS FURTHER ORDERED** that with respect to *Hearne* (CV 10-216-PHX-JAT) claims 1, 3, and 4 and part of claims 2, 5, 6 and 7 remain with the undersigned as part of the MDL and part of claims 2, 5, 6 and 7 have been remanded to the transferor court.

**IT IS FURTHER ORDERED** that with respect to *Huynh* (CV 10-217-PHX-JAT) claims 2 and 4-11 and part of claims 3 and 12 remain with the undersigned as part of the MDL and claim 1 and part of claims 3 and 12 have been remanded to the transferor court. MERS shall file a copy of this Order with the transferor court within the next two business days.

**IT IS FURTHER ORDERED** that with respect to *Mesi* (CV 10-218-PHX-JAT) claims 4-12 and part of claims 1, 2 and 13 remain with the undersigned as part of the MDL and claim 3 and part of claims 1, 2 and 13 have been remanded to the transferor court. MERS shall file a copy of this Order with the transferor court within the next two business days.

**IT IS FURTHER ORDERED** that with respect to *Youngren* (CV 10-219-PHX-JAT) claims 2 and 4-11 and part of claims 3 and 12 remain with the undersigned as part of the MDL and claim 1 and part of claims 3 and 12 have been remanded to the transferor court. MERS shall file a copy of this Order with the transferor court within the next two business days.

**IT IS FURTHER ORDERED** that with respect to *Burke* (CV 10-220-PHX-JAT) claims 1, 3, and 4 and part of claims 2, 5 and 6 remain with the undersigned as part of the MDL and part of claims 2, 5 and 6 have been remanded to the transferor court.

**IT IS FURTHER ORDERED** that with respect to *Dalby* (CV 10-221-PHX-JAT) claims 1, 3, and 4 and part of claims 2, 5 and 6 remain with the undersigned as part of the MDL and part of claims 2, 5 and 6 have been remanded to the transferor court.

**IT IS FURTHER ORDERED** that with respect to *Lee* (CV 10-268-PHX-JAT) claims 2 and 5-13 and part of claims 3, 4 and 14 remain with the undersigned as part of the MDL and claim 1 and part of claims 3, 4 and 14 have been remanded to the transferor court. MERS shall file a copy of this Order with the transferor court within the next two business days.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file a copy of this Order in each member case listed on pages 1-2.

**IT IS FURTHER ORDERED** that with respect to any claims that are staying with this Court, Defendants shall answer or otherwise respond to those claims within the time limits set in the Practice and Procedure Order (Doc. #87); with respect to any claims that have been remanded to the transferor courts, Defendants shall answer or otherwise respond to those claims within fifteen days of this Order, unless any order of the transferor court is inconsistent with this Order, in which case, the order of the transferor court shall control.

**IT IS FURTHER ORDERED** within 5 days of this Order, MERS shall file all documents related to a case bifurcated herein into the record of the transferor court in that particular case. (Because this Court will not transfer the entire MDL file and docket to any individual transferor court, this will insure the Judge in the transferor court has a complete record for that specific case).

DATED this 23rd day of April, 2010.

_____
James A. Teilborg
United States District Judge